**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| WILLIAM AKEEM MEDLOCK, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:26-cv-159-MTT-AGH |
| | : | |
| WARDEN JERMAINE WHITE, *et al.*, | : | |
| | : | |
| | : | |
| Defendants. | : | |

**ORDER**

Plaintiff William Akeem Medlock filed a recast complaint (ECF No. 19), a motion for leave to amend the recast complaint (ECF No. 24), and a motion for service (ECF No. 23) in an attempt to comply with the Court's prior orders (ECF Nos. 18, 20).

Plaintiff's original complaint in this case and the supplement thereto totaled over 150 pages, named at least a dozen Defendants, mentioned conduct from at least four different prisons, and raised many disparate—and seemingly unrelated—claims (ECF Nos. 1, 1-1, 1-2, 1-3, 1-4). The Court therefore advised Plaintiff that the Federal Rules of Civil Procedure would only permit him to join related claims and defendants in a single complaint. Order to Recast 10-11, July 7, 2026, ECF No. 18. The Court explained that to properly join defendants under Federal Rule of Civil Procedure 20(a)(2), he would need to "establish that he is asserting a right to relief against them 'jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences,' and that

'any question of law or fact common to all defendants will arise in the action.'" *Id.* at 11. The Court then ordered Plaintiff to recast his complaint on one of the Court's standard forms and warned him that he would not be permitted to join claims against multiple defendants in one action unless he could establish a logical relationship between the claims in accordance with the Federal Rules of Civil Procedure. *Id.* at 11-13. He was further instructed that his recast complaint would take the place of the original complaint and his first supplement (ECF Nos. 1, 8). *Id.* at 13. In addition, he was told that his recast complaint could be no longer than fifteen (15) pages in its entirety and that the fifteen-page limit included the pages of the Court's standard form. *Id.* Plaintiff was also advised that the Court would not consider any allegations in any other document, or any allegations not contained within those fifteen pages, to determine whether Plaintiff has stated an actionable claim.

Plaintiff submitted a recast complaint on the Court's standard form within the time for compliance (ECF No. 19). However, the recast complaint is nineteen pages long, thus exceeding the fifteen-page limit set by the Court. *Id.* More importantly, the recast complaint again fails to show how Plaintiff's claims are properly joined. Plaintiff again states that his claims arise from his confinement in at least four different facilities: Telfair State Prison, the Coffee County Jail, Wilcox State Prison, and Macon State Prison. Recast Compl. 3, ECF No. 19. Although he appears to attempt to limit his claims to one particular time period—"up until mainly 11/3/24"—he again raises many different claims. *Id.* at 5. For example, Plaintiff complains about the denial of protective custody, lack of adequate medical treatment for

stomach ulcers, use of excessive force, physical abuse, problems with his diet, problems with his legal mail, failure to place him in a transitional center or allow him to take classes necessary for parole consideration, improper calculation of good-time credits, assaults by other inmates, and his confinement to a strip cell. *Id.* at 6-18. In addition to the recast complaint, Plaintiff filed a motion for leave to amend (ECF No. 24). This motion, with its attachments, is more than 170 pages long and is comprised mainly of documents that Plaintiff appears to believe are relevant to his claims (ECF Nos. 24, 24-1, 24-2). Among other things, these documents include copies of grievances, correspondence between Plaintiff and other entities concerning his parole or state cases, and handwritten documents that appear to contain additional claims. *See Id.*

Because it is unclear whether the applicable statute of limitations could bar some or all of Plaintiff's claims, the Court will give Plaintiff one final opportunity to file a recast complaint that complies with the Court's July 7, 2026 Order **WITHIN FOURTEEN (14) DAYS**. Plaintiff's pending motion to amend (ECF No. 24) is therefore **DENIED as moot.** The Clerk shall forward another copy of the July 7 Order (ECF No. 18) to Plaintiff along with a copy of the standard § 1983 form, marked with the case number for this case, that Plaintiff should use to submit his recast complaint. The Court reemphasizes that the recast complaint will take the place of all complaints or supplements previously filed, including ECF Nos. 1, 8, 19, and 24. **The Court will not consider any allegations in any other document, or any allegations not contained within the fifteen pages of the recast complaint, to determine whether Plaintiff has**

**stated an actionable claim.** Thus, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if he previously alleged it in another filing.

When Plaintiff complies with the Court's order, the Court will screen the recast complaint to determine whether any of Plaintiff's claims should be dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A and/or § 1915(e). If any of Plaintiff's claims proceed for further factual development, then the Court will order service upon the appropriate Defendants at that time. Plaintiff's pending motion for service (ECF No. 23) is therefore **DENIED** as premature.

**SO ORDERED,** this 12th day of November, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE